

Villanova University School of Law
Villanova University School of Law Digital Repository

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-27-2005

# Pheap Sor v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3241

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Pheap Sor v. Atty Gen USA" (2005). *2005 Decisions*. Paper 336.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/336

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3241

PHEAP SOR,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

On Petition for Review of an Order of the Board of Immigration Appeals
No. A95-841-726

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 19, 2005

BEFORE: SMITH, STAPLETON and NYGAARD, Circuit Judges

(Opinion Filed October 27, 2005 )

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Appellant Pheap Sor, a woman from Cambodia, appeals the denial of her applications for asylum and withholding of removal. After a hearing, the IJ found that Sor had "intentionally fabricated her entire case." App. at 18. He further concluded that, assuming her story to be credible, she was not entitled to relief because she had "engaged in terrorist activity." App. at 16. The BIA upheld the IJ's decision. While it expressly did not defer to the IJ's credibility determination, it agreed that Sor had engaged in terrorist activity:

> The respondent testified that she recruited for the Cambodian Freedom Fighters (CFF), that she knew the CFF's mission was to overthrow the Cambodian government, using violence if necessary, and that in December 2000, the CFF attacked a Cambodian government installation with a grenade, thus incurring casualties. Although the United States Department of State has not officially designated the CFF as a foreign terrorist organization, the respondent remains inadmissible . . . because she engaged in terrorist activity.

App. at 22 (internal citations omitted). It is undisputed that the State Department has not designated the CFF to be a terrorist organization.

Both asylum and withholding of removal are not available to aliens who have engaged in terrorist activities as defined in the statutory scheme. *See* 8 U.S.C. § 1158(b)(2)(A)(v) (finding aliens ineligible for asylum if they fall under certain portions of § 1182(a)(3)(B) – the statutory provision defining terrorist activities); 8 U.S.C. § 1231(b)(3)(B)(iv) (refusing to allow withholding of removal to aliens if there are "reasonable grounds" to believe that the alien is "a danger to the security of the United

States" and specifically referring to § 1227(a)(4)(B) which states that the definition

includes any alien described under § 1182(a)(3)(B) – the statutory provision defining

terrorist activities).

Section 212(a)(3)(B)(i)(I) of the INA provides that "[a]ny alien who (I) has

engaged in terrorist activity . . . is inadmissible." 8 U.S.C. § 1182(a)(3)(B)(i)(I). In this

context, "engage in terrorist activity" includes:

> to solicit any individual . . . (cc) for membership in a terrorist organization
> described in clause (vi)(III) unless the solicitor can demonstrate that he did
> not know, and should not reasonably have known, that the solicitation
> would further the organization's terrorist activity . . .

8 U.S.C. § 1182(a)(3)(B)(iv)(V)(cc). Clause (vi)(III) defines a "terrorist organization" as

"a group of two or more individuals, whether organized or not, which engages in the

activities described in subclause (I), (II), or (III) of clause (iv)." 8 U.S.C. §

1182(a)(3)(B)(vi)(III).[1] This refers back to clause (iv) which defines "engage in a

terrorist activity" to include:

> (I) to commit or to incite to commit, under circumstances indicating an
> intention to cause death or serious bodily injury, a terrorist activity; [or]
> (II) to prepare or plan a terrorist activity . . .

8 U.S.C. § 1182(a)(3)(B)(vi)(I)-(II). In this context, "terrorist activity" means, among

other things:

> any activity which is unlawful under the laws of the place where it is

---

[1] It is worth noting here that it is clause (vi)(II), not (vi)(III), that refers to the
designation of an organization as a terrorist organization by the Secretary of State. *See* 8
U.S.C. § 1182(a)(3)(B)(vi)(II).

committed . . . and which involves . . . (V) The use of any . . . (b) explosive, firearm, or other weapon or dangerous device (other than for mere personal monetary gain), with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property.

8 U.S.C. § 1182(a)(3)(B)(iii)(V)(b).

"Engag[ing] in terrorist activity" under these statutory provisions clearly includes the conduct that Sor admitted to at her hearing. She admitted that she solicited individuals to become members of an organization (the CFF), *see* 8 U.S.C. § 1182(a)(3)(B)(iv)(V)(cc), that she knew was engaged in certain illegal activities (the attack on the government), *see* 8 U.S.C. § 1182(a)(3)(B)(vi)(III), including the planning and committing of, *see* 8 U.S.C. § 1182(a)(3)(B)(vi)(I)-(II), illegal activities which involve the use of explosive devices (grenades) with intent to endanger the safety of one or more individuals or to cause substantial property damage. *See* 8 U.S.C. § 1182(a)(3)(B)(iii)(V)(a). She has thus admitted each of the elements of "engag[ing] in terrorist activity." In addition, the evidence indicates that she has an ongoing relationship with CFF. She receives monthly financial payments from the group and testified that her application for asylum was prepared by a person she identified as the president of the CFF in the United States. It follows that the decision of the BIA was supported by substantial evidence.

We have upheld a similar determination by the BIA where the petitioner admitted to much less involvement in militant activities. In *Singh-Kaur v. Ashcroft*, 385 F.3d 293 (3d Cir. 2004), we found that an alien who admitted only to providing food and shelter to

4

a group of militant Sikhs who opposed the Indian government was properly found to have provided "material support" to those "engaged in terrorist activities." *Id.* at 299–301.

Sor was not denied due process of law as she contends. In immigration adjudications, the Due Process Clause mandates that:

> An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his or her interests.

*Abudlai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001) (internal quotations omitted). As to the conduct of the decisionmaker, an alien is only constitutionally entitled to a decisionmaker who "actually consider[s] the evidence and argument that a party presents" so that the decisionmaker does not "act as a mere rubber stamp." *Id.* at 549-50 (citing *Marincas v. Lewis*, 92 F.3d 195 (3d Cir. 1996)).

Sor was able to develop a record and make arguments supporting the relief which she sought. The decision rendered was tailored to her testimony and her situation. While she purports to find the IJ's opinion logically inconsistent when it finds her not credible and then credits her testimony that she is a terrorist, the provision of alternative grounds for decision hardly constitutes a due process violation. Moreover, we review the BIA's opinion in this instance, not the decision of the immigration judge. *Abudlai*, 239 F.3d at 548-49. The BIA's opinion considered the evidence and arguments in her case and did not act as a mere rubber stamp. Sor's due process rights were not violated.

The petition for review will be denied.